UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIO MULAS AND LUCIA MULAS,

        Plaintiffs,

   v.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, A FOREIGN CORPORATION,

        Defendant,

Case No. 2:24-cv-00534-SPC-KCD

## ORDER

Before the Court is Defendant Westchester Surplus Lines Insurance Company's Motion to Compel Discovery, Compel Depositions, and to Strike Plaintiffs' Experts Ivan Roque and Lam Nguyen. (Doc. 36.)[1] Plaintiffs Elio and Lucia Mulas responded (Doc. 42), and Westchester replied (Doc. 45). For the reasons below, the motion is granted in part and denied in part.

### I. Background

Plaintiffs allege they submitted an insurance claim for hurricane damage that Westchester will not pay. To recover the funds owed, Plaintiffs sued for breach of contract. (Doc. 6.) To address the influx of hurricane litigation, the Court adopted a specialized scheduling order that stayed all

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

discovery except for certain automatic disclosures and provided a date to exchange expert reports. (Doc. 4.) This discovery dispute involves Plaintiffs' alleged failure to produce discovery, failure to timely disclose experts, and failure to coordinate depositions.

## II. Discussion

### A. Unanswered Discovery

Section IV.C.1. of the scheduling order requires Plaintiffs to provide "all documents supporting or evidencing the Claimed Loss, including, without limitation … any other documents relating to repair work performed, planned, in progress, or completed as a result of Hurricane Ian, including contracts, bids, estimates, invoices, or work tickets[.]" (Doc. 4 at 9-10.) These materials were due July 30, 2024.[2] But Plaintiffs failed to meet the deadline. Instead, on November 7, 2024, Plaintiffs provided Westchester with "automatic discovery responses," stating that "[d]ocuments responsive to this request within Plaintiffs' possession have been provided." (Doc. 42-1 at 5.)

Westchester suspected this wasn't true because public permitting records showed that Plaintiffs had their roof, HVAC, windows, and doors replaced in 2024, yet there was no documentation for these repairs. So

---

[2] The deadline for the parties to exchange automatic discovery is 45 days after a "Response to the Complaint" has been filed. (Doc. 4 at 19.) The term "Response to the Complaint" means the notice of removal, or—when the case is initiated here—the first answer or Rule 12 motion of the last defendant to file one. (*Id.* at 1.) An answer was filed on June 15, 2024. (Doc. 9.)

2

Westchester twice followed up on the request in early 2025. (Docs. 36 at 4, 36-1, 36-3.) Plaintiffs again responded that they had provided everything. (Doc. 36-2.)

In their response brief, Plaintiffs concede that not all documents have been produced. But they blame an "errant paralegal" who is no longer employed by their counsel. (Doc. 42 at 3.) Apparently, the former paralegal failed to do anything on this case, such as gathering documents and responding to the automatic discovery. (*Id.* at 2.) Plaintiffs say they will now produce the documents. (*Id.* at 3.) Still, Westchester claims in its reply brief that the documents remain outstanding. (Doc. 45 at 4.)[3]

Also at issue are interrogatories Westchester served on Plaintiffs in October 2024 that have not answered. Plaintiffs again blame their former paralegal, but also cast shade at Westchester, claiming the interrogatories were not properly served until March 3, 2025. (Doc. 42 at 3.) Westchester disputes this, but regardless, the interrogatory responses are outstanding, and Plaintiffs say that they will be answered.

The Federal Rules provide that a party may move for an order compelling compliance when discovery is past due, as here. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A). Westchester tried to confer with Plaintiffs in a good-

---

[3] Westchester's reply isn't paginated, so the Court uses the page numbers generated by its electronic filing system.

3

faith effort to resolve this dispute before filing the motion to no avail. (Doc. 36-1.) And Plaintiffs admit that they need to provide the outstanding discovery. So the Court will grant the motion to compel and order Plaintiffs to produce all outstanding responsive documents and respond to Westchester's interrogatories within seven days of this Order.

But that does not end the matter. There is still the question of Westchester's request for sanctions under Fed. R. Civ. P. 37(a)(5)(A). (Doc. 36 at 4, 8.) Rule 37 has a self-executing sanctions provision. When the requested discovery is provided only after a motion to compel is filed, the court must order "the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5); *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

No doubt Rule 37(a)(5) applies here. Plaintiffs are answering the discovery only after the motion to compel. Thus, "an award of attorneys fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith

to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Substantial justification is present when "a reasonable person would be satisfied that [the] parties could differ as to whether the party was required to comply with the disclosure request." *WM Aviation, LLC v. Cessna Aircraft Co.*, No. 611CV2005ORL18GJK, 2013 WL 12392477, at *3 (M.D. Fla. Apr. 12, 2013). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Plaintiffs blame employee neglect for their failure to respond to the outstanding discovery. (Doc. 42 at 5.) But the "errant paralegal" excuse doesn't work here. For starters, lawyers are responsible for supervising the work of paralegals. *See* Fla. Rules Regulating the Fla. Bar 4-5.3(c), 20-2.1(e). This case was removed to federal court in June 2024, and yet Plaintiffs' counsel was unaware of what the paralegal had done (or not done) until November 2024 when the paralegal left. (Doc. 42 at 2.) The timing also doesn't add up. Plaintiffs say they learned of the paralegal issue on November 28, 2024, yet counsel continued to tell Westchester there were no

5

further documents to produce as late as March 2025. (Doc. 36-2.) Plaintiffs assert that counsel "diligently" tried to get this case back on track to comply with the scheduling order after the paralegal left, but the record shows anything but diligence. *See Noel v. Martin*, 21 F. App'x 828, 834 (10th Cir. 2001) ("The alleged negligence of plaintiff's . . . attorney is not a substantial justification for [a] late disclosure."). Thus, fees and costs will be awarded.

### B. Experts

Section IX.A. of the scheduling order provides that "all expert reports and expert disclosures under Rule 26 (a)(2) . . . must be served no later than 180 days after a Response to the Complaint has been filed[.]" (Doc. 4 at 15.) Expert reports and disclosures were thus due by December 12, 2024. By the same deadline, the parties were also to exchange written statements identifying all opinion testimony that they anticipate presenting at trial under Federal Rule of Evidence 701. (*Id.* at 16.) With these deadlines in mind, the Court turns to the dispute about Plaintiffs' experts.

In Plaintiffs' Rule 26 disclosures dated November 7, 2024, under the heading "individuals likely to have discoverable information," they listed Ivan Roque of Peninsula Public Adjusters and Lam Nguyen of True Florida Homes. (Doc. 42-1 at 1.) Roque was to provide an "expert opinion on the extent of damage," and Nguyen would provide "expert testimony regarding repair needs." (*Id.*) Neither Roque nor Nguyen provided reports by the

6

deadline, so Westchester followed up in March 2025. (Doc. 36-1.) And on brand with how Plaintiffs handled discovery thus far, they responded, "I do not have an expert report at this time. It has not been completed yet." (Doc. 36-2.) With that, Westchester moved to strike Roque and Nguyen.

Strangely, in their brief here, Plaintiffs claim that "Mr. Ivan Roque and Mr. Lam Nguyen have never been named as experts," so there are no reports to disclose. (Doc. 42 at 4.) Plaintiffs say they are instead fact witnesses. (*Id.* at 4, 5.) But Plaintiffs' about-face is contradicted by the initial disclosures. (Doc. 42-1.) And there's another wrinkle for Roque. Because Plaintiffs listed him as an expert, Westchester set his deposition. (Doc. 36-4.) You can probably guess what happened next—Roque failed to appear. So Westchester asked Plaintiffs what was going on. (Docs. 36-1, 36-5.) Plaintiffs responded, "I don't know who Ivan Roque is. I looked for him in our file and I can't find anyone by that name." (Doc. 36-2.)

Westchester now asks that Roque and Nguyen be stricken as expert witnesses. (Doc. 36 at 5.) Plaintiffs don't have a problem with that because they don't intend to use them as experts, so Westchester's request will be granted.

The bigger issue, though, is that Plaintiffs now seek to name two new experts for the first time—Adam Mrozek (a construction expert) and Tierra, Inc. (an engineering firm). Plaintiffs produced an estimate from Mrozek on

7

April 18, 2025, and a report from Tierra on April 30, 2025. (Doc. 45 at 4.) Plaintiffs also note that they have an engineering report (from whom, it isn't clear) that is "forthcoming as soon as possible." (Doc. 42 at 5.) Plaintiffs claim that Mrozek and Tierra were previously disclosed as experts, but the paralegal "never actually hired these experts or asked them to write reports." (Doc. 42 at 2.)

Plaintiffs offer no documentation that Mrozek or Tierra were disclosed before the deadline. So Westchester also seeks to exclude these untimely, newly named experts.

Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). Compliance with this requirement "is not merely aspirational." *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004). It is necessary to allow "both sides ... to prepare their cases adequately and to prevent surprise." *Id.* An untimely expert disclosure may be excluded under Rule 37(c). *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007). But this sanction is not automatic. To avoid exclusion, the offending party must show the late disclosure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Lanzi v. Yamaha Motor Corp.*, No. 8:17-CV-2020-T-36AEP, 2019 WL 9553066, at *4 (M.D. Fla. Sept. 26, 2019). The burden of proving these mitigating circumstances "rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009).

8

In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by these factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012). Ultimately, courts have broad discretion in deciding whether to exclude evidence under Rule 37(c). *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019).

Plaintiffs concede that they missed the expert deadline for Mrozek and Tierra. The scheduling order provides a specific timeline to designate experts and supply reports, and Plaintiffs didn't do so. To avoid exclusion of this evidence, Plaintiffs argue both substantial justification and harmlessness.

For substantial justification, Plaintiffs again blame the paralegal, but also fault Westchester for misunderstanding who was named as an expert. (Doc. 42 at 6.) But, as already discussed, Westchester was not mistaken. They correctly relied on Plaintiffs' disclosures, none of which identified Mrozek or Tierra. Substantial justification hasn't been shown. All Plaintiffs do is lay blame on others for what their attorneys should have been doing all along to

prosecute this case. *See Noel*, 21 F. App'x at 834 ("The alleged negligence of plaintiff's ... attorney is not a substantial justification for [a] late disclosure.").

As for harmlessness, courts have "broad discretion" in this area. *Superior Consulting Servs., Inc. v. Shaklee Corp.*, No. 616CV2001ORL31GJK, 2018 WL 3059995, at *6 (M.D. Fla. May 31, 2018). Weighing the five factors, the Court finds that the Rule 26 violation is harmless. Mrozek and Tierra's testimony and repair estimates are seemingly critical. Without them, Plaintiffs' case may end. *See Lowery v. Sanofi-Aventis LLC*, 535 F. Supp. 3d 1157, 1172 (N.D. Ala. 2021). And discovery does not close until September. (Doc. 40.) Westchester can thus cure any deficiency through additional discovery.

Exclusion is not required even if Plaintiffs' actions are presumed harmful. *See Taylor*, 940 F.3d at 603 (J. Carnes, concurring). "Rule 37(c)(1) continues to give the Court discretion to award alternative sanctions." *Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 F.R.D. 688, 695 (S.D. Ga. 2019). Exclusion is considered a drastic remedy since it can dictate the outcome and preclude a decision on the merits. *See, e.g.*, *Rodriguez v. Walmart Stores E., L.P.*, No. 2:20-CV-474-SPC-NPM, 2021 WL 4750087 (M.D. Fla. Oct. 12, 2021). The facts, at least at this point, do not warrant excluding testimony that may prove essential to this case when any prejudice can still be cured. *See Pitts*, 331 F.R.D. at 696 ("exclusion [was] too drastic a sanction" where "[r]eopening

10

discovery best fit[ ] the substantive harm"). On balance, the Court is convinced that Plaintiffs should be allowed to disclose Mrozek and Tierra as experts.

But any expert that Plaintiffs have not yet disclosed is excluded, which includes the "engineering report [that] is forthcoming as soon as possible." (Doc. 42 at 5.) A "court may, for good cause, extend the time ... where the party made a motion for an extension of time after the deadline for responding has passed if the party failed to act because of excusable neglect." *Quinn v. Deutsche Bank Nat. Tr. Co.*, 625 F. App'x 937, 939 (11th Cir. 2015). Plaintiffs have not explained why there is any continued delay in disclosing experts or producing the above referenced "engineering report," so the Court will not provide any more time for Plaintiffs to disclose experts.

## C. Depositions

Westchester has attempted to coordinate Plaintiffs' depositions since December 2024 without success. (Docs. 36-1, 36-2, 36-6.) Westchester asks that the Court compel their depositions or, in the alternative, strike the pleadings. (Doc. 36 at 7.) Plaintiffs again blame Westchester, saying defense counsel didn't follow up enough to coordinate the depositions after the neglectful paralegal told them they were unavailable for five months. (Doc. 36-6, Doc. 42 at 4.)

"[T]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *Lozano v. Maryland Cas. Co.*, 850 F.2d 1470, 1473 (11th Cir. 1988). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Broad discovery helps "make a trial less a game of blind man's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

Consistent with this approach to discovery, the Federal Rules of Civil Procedure allow parties to depose witnesses, including an opposing party. *See* Fed. R. Civ. P. 30(a). Depositions can be essential to the discovery of relevant facts and the acquisition of key admissions from parties or witnesses. In some cases, depositions are "indispensable." *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989).

Plaintiffs offer no convincing argument that they should be excused from providing testimony, so the Court will order that they appear for a properly noticed deposition. *See, e.g.*, *Rizzo v. Glades Golf & Country Club, Inc.*, No. 2:20-CV-390-SPC-MRM, 2021 WL 8946694, at *3 (M.D. Fla. June 23, 2021). Plaintiffs must provide three dates they are available for deposition by the end of May 2025. If Plaintiffs fail to cooperate, Westchester

12

may unilaterally set the deposition. **Plaintiffs should note that if they do not comply with the Court's Order to attend their depositions, more severe sanctions will be considered**.

On parting, Westchester requests that "the pleadings be stricken due to Plaintiffs' overall failure to engage in and comply with discovery, document production and depositions." (Doc. 36 at 8.) The sanction of striking the complaint is authorized by Rule 37(b)(2)(C), which provides:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may issue further just orders. They may include the following:
> ....
> (iii) striking pleadings in whole or in part.

Fed. R. Civ. P. 37(b)(2)(C). "This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Dismissal is generally appropriate when the party acts with bad faith, not where the failure to comply results from negligence, misunderstanding, or inability. *See Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013). Dismissal is also an extreme remedy that should not be imposed if lesser sanctions will suffice. *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538, 1538-39 (11th Cir. 1984).

The Court won't strike the pleadings. As a factual matter, Plaintiffs' actions don't fit the definition of bad faith, but rather stem from negligence.

13

Plaintiffs are now engaged in prosecuting this case and are being sanctioned for their discovery failings. Dismissal is simply not appropriate on such facts. *See Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988) (affirming dismissal after plaintiff failed to appear for his deposition where the district court "restrained from ordering dismissal until after other lesser sanctions had failed," including admonishment and imposition of monetary fine).

One last warning. Plaintiffs must promptly respond to any discovery from Westchester, and the Court expects that future disputes will be minimal, if nonexistent. Accordingly, it is **ORDERED**:

Defendant Westchester Surplus Lines Insurance Company's Motion to Compel Discovery, Compel Depositions, and to Strike Plaintiffs' Experts Ivan Roque and Lam Nguyen (Doc. 36) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. By May 14, 2025, Plaintiffs must provide Westchester with all outstanding discovery and disclosures from the scheduling order;

2. Ivan Roque and Lam Nguyen are stricken as experts and excluded from any further consideration in that capacity;

3. Plaintiffs may disclose Adam Mrozek and Tierra, Inc., as experts, but any further experts that have yet to be disclosed are precluded;

4. The Court compels Plaintiffs Elio and Lucia Mulas to sit for a deposition. They must provide Westchester with dates for their depositions by **May 14, 2025**.

5. Westchester's request to strike the pleadings is **DENIED**.

6. Within **14 days** of this Order, the parties must meet and confer about the attorney's fees and expenses Westchester reasonably incurred in making this motion. If the parties cannot reach an agreement, Westchester must submit a motion, which includes necessary supporting documents, detailing its reasonable expenses and fees if it wishes to pursue such relief.

**ENTERED** in Fort Myers, Florida on May 7, 2025.

Kyle C. Dudek
United States Magistrate Judge