UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIO MULAS and
LUCIA MULAS,

      Plaintiffs,

v.                                                    Case No.:  2:24-cv-534-SPC-DNF

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

      Defendant.

_____/

## OPINION AND ORDER

Before the Court is Plaintiffs Elio and Lucia Mulas' Rule 41(a)(2) Motion for Voluntary Dismissal Without Prejudice. (Doc. 60). Defendant Westchester Surplus Lines Insurance Company responded. (Doc. 61). For the below reasons, the Court denies the motion.

This breach-of-contract action arises from wind-storm damage Plaintiffs' commercial property sustained during Hurricane Ian. (Doc. 6). As these cases typically go, Plaintiffs allege they submitted a claim to Defendant, but Defendant did not pay the appropriate amount owed to them under the policy. After litigating this case for twenty months,[1] Defendant moved for summary judgment. (Doc. 56). Rather than respond to the motion, Plaintiffs ask the

---

[1] Plaintiffs originally filed this case in state court on April 14, 2024. (Doc. 1-2).

Court to dismiss their case without prejudice so they can rectify certain issues (that form the basis of Defendant's summary-judgment motion) and refile the case. (Doc. 60). But that's not how it works.

Federal Rule of Civil Procedure 41(a)(2) permits a plaintiff to voluntarily dismiss an action without prejudice only "by court order, on terms that the court considers proper." "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). Generally, the court should grant a motion for voluntary dismissal "unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). However, when exercising its discretion, "the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991); *see also Arias*, 776 F.3d at 1268 (explaining the purpose of Rule 41(a)(2) "is primarily to prevent voluntarily dismissals which unfairly affect the other side[.]"). "A plaintiff enjoys no right to a voluntary dismissal without prejudice." *McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 878 (11th Cir. 2006).

When considering a Rule 41(a)(2) motion, courts within the Eleventh Circuit often consider the following: (1) the sufficiency of the plaintiff's explanation for the need to dismiss the action; (2) the plaintiff's diligence in

bringing the motion and prosecuting the action; (3) the stage to which the suit has progressed, particularly whether defendant has filed a summary judgment motion; (4) the defendant's effort and expense in preparing for trial; and (5) the duplicative expense of relitigation. *Elkins v. AbbVie, Inc.*, No. 6:20-CV-1562-PGB-LRH, 2021 WL 4189920, at *2 (M.D. Fla. Sept. 9, 2021).

Defendant moved for summary judgment, arguing that Plaintiffs cannot collect replacement cost value ("RCV") for their property damages because they have not undergone any repairs or incurred any such costs. Nor can Plaintiffs collect actual cash value[2] ("ACV"), according to Defendant, because Plaintiffs failed to submit any evidence contradicting the ACV payment Defendant already issued. Specifically, it observes that Plaintiffs' damage estimate includes only the RCV and does not account for depreciation. Without evidence of depreciation to rebut Defendant's ACV payment, Defendant maintains that Plaintiffs cannot show it breached the policy. (Doc. 56 (citing *Metal Prods. Co., LLC v. Ohio Sec. Ins.*, No. 5:19-CV489-TKW-MJF, 2021 WL 1345525 (N.D. Fla. Apr. 12, 2021)*; Homeowners Choice Prop. & Cas. Ins. Co., Inc. v. Clark*, 410 So. 3d 99, 111–12 (Fla. Dist. Ct. App. 2025))).

After failing to timely respond to Defendant's motion, Plaintiffs move under Rule 41(a)(2) for dismissal without prejudice so they can have a do-over.

---

[2] ACV is RCV minus depreciation. *Trinidad v. Florida Peninsula Ins. Co.*, 121 So. 3d 433, 443 (Fla. 2013).

Their sole justification for dismissal is that they are "in the process of obtaining corrected estimates and revised documentation" to rectify their estimate's failure to account for depreciation. (Doc. 60 at 2). In other words, they implicitly concede that they currently have no evidence of ACV to rebut Defendant's ACV payment. This concession reveals that their sole motivation for seeking dismissal without prejudice is to avoid an expected adverse ruling on Defendant's summary-judgment motion.[3] This is problematic. *See McBride*, 189 F. App'x at 878 (affirming district court's denial of Rule 41(a)(2) motion given the motion "was solely motivated to avoid an expected adverse ruling on Defendants' summary judgment motion") (internal quotations omitted)); *Morris v. DeKalb Cnty. Sch. Dist.*, No. 1:22-CV-05114-MLB-RGV, 2024 WL 6899063, at *8 (N.D. Ga. June 18, 2024), *report and recommendation adopted*, 2024 WL 6899060 (Sept. 6, 2024) ("A motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result, and that denial of voluntary dismissal is appropriate where summary judgment is imminent." (cleaned up and citation omitted)); *see also Dobbs v. Allstate Indem. Co.*, No. 21-13813, 2022 WL 1686910, at *6 (11th Cir. May 26, 2022) (affirming district court's denial of Rule 41(a)(2) motion

---

[3] Plaintiffs try to avoid this clear implication by stating "the purpose of this dismissal is solely to allow correction of the valuation documents and a proper representation of the claim, not to evade any judicial ruling or deadline." (Doc. 60 at 3). But simply saying the purpose is not to evade judgment cannot save them when their sole justification for dismissal indicates otherwise.

4

because "it was indisputably clear" that the plaintiff's true reason for dismissal was to avoid an adverse ruling by the court on plaintiff's expert).

If Plaintiffs' capitulation is not enough, additional context makes matters worse. This case has been pending for twenty months. During that time, Plaintiffs have been dilatory on discovery, even requiring the Court to impose sanctions. (Doc. 49). But the real kicker is Plaintiffs should have known that their estimate failed to account for ACV because Defendant asserted this as an affirmative defense eighteen months ago. Defendant's first affirmative defense states:

> Plaintiffs have not submitted any documentation to show that actual repairs or replacements have been completed and are not entitled to additional payment until such time as repairs are made and expenses are incurred. Further, Plaintiffs have not submitted any documentation evidencing any dispute of Defendant's actual cash value determined. Accordingly, Defendant has fully satisfied its obligations pursuant to the terms of the Policy and Florida law.

(Doc. 9 at 6). Since the onset of this case, Plaintiffs were on notice of the very deficiencies that they now want to rectify to avoid judgment. They had ample opportunity to do so before now. *See Fisher*, 940 F.2d at 1503 (affirming district court's denial of Rule 41(a)(2) motion when the plaintiff filed the motion over a month after she should have discovered the information supporting her intent to add a new defendant and include new theories of recovery); *V. D. C. v. Dep't of Child. & Fams.*, No. 8:17-CV-1697-T-27JSS, 2019 WL 462809, at *2

(M.D. Fla. Feb. 6, 2019) (determining dismissal without prejudice was inappropriate given the plaintiffs had "implicitly acknowledged" that the claim was not viable yet waited until after the defendant filed its summary-judgment motion to seek dismissal). It is too late now.

This is not a case where granting Plaintiff's motion would merely subject Defendant to the inconvenience of a second litigation or where a fee award would alleviate prejudice to Defendant. Rather, the very basis on which Defendant seeks judgment would likely disappear in a future case. As such, the Court denies Plaintiff's motion for voluntary dismissal.

Accordingly, it is now **ORDERED:**

1. Plaintiffs' Rule 41(a)(2) Motion for Voluntary Dismissal Without Prejudice (Doc. 60) is **DENIED**.

2. On or before **December 15, 2025**, Plaintiffs must respond to Defendant's motion for summary judgment. **Failure to do so will result in the Court treating the motion as unopposed**. *See* M.D. Fla. R. 3.01(d).

**DONE** and **ORDERED** in Fort Myers, Florida this December 8, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record