**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ELIO MULAS and LUCIA MULAS,

Plaintiffs,

v. Case No. 2:24-cv-534-SPC-KRH

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

Defendant.
_____________________________/

## Order

At issue is Defendant's Renewed Motion for Entitlement to Attorney's Fees. (Doc. 77). Plaintiffs failed to respond. So the Motion is unopposed. M.D. Fla. Local R. 3.01(d); (Doc. 40 at 4). Defendant also filed a copy of its settlement proposal, which is relevant to fees. (Doc. 85). After review, the Court grants the Motion.

## Background

Defendant won this case on summary judgment. (Doc. 68). Plaintiffs appealed. (Doc. 74). Ultimately, the Eleventh Circuit dismissed that appeal for lack of prosecution. (Doc. 80).

In May 2025—almost a year before getting summary judgment—Defendant served Plaintiffs with a proposal for settlement ("Offer"). (Doc. 77-1; Doc. 85 at 3-7). Plaintiffs rejected that settlement offer by the passage of time. *See* Fla. Stat. 768.79(1), (4).

Having won the case after a rejection, Defendant seeks fees from the date it

served Plaintiffs with the Offer.

## Legal Standard

The Middle District has a two-step procedure for attorney's fees and nontaxable costs. M.D. Fla. Local R. 7.01(a)-(c). To start, the party seeking fees must file a motion on entitlement. This request must identify the statutory basis for fees, estimate the amount sought, and establish a supporting legal basis. M.D. Fla. Local R. 7.01(b)(1)-(3).

This was a diversity case, in which Defendant wants fees under Florida Statute § 768.79. State law governs the substantive question of fees. *McMahan v. Toto* ("*Toto 1*"), 256 F.3d 1120, 1131-32 (11th Cir. 2001).

## Discussion

The analysis proceeds in two parts. First, the Court discusses a matter not briefed. And second, this inquiry resolves the merits of Defendant's demand.

### 1. Failure to File Offer

From the outset, there is a sticky legal issue to clarify—the significance of not filing the Offer. Fortunately, the Court need not (and, indeed, cannot) resolve that unbriefed issue. So it does not impact the result.

Upon serving the Offer, Defendant did not file it. That is normal practice considering a statutory directive:

> The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section.

Fla. Stat. § 768.79(3); *see also* Fla. R. Civ. P. 1.442(d). Yet the entire trigger for fee

entitlement revolves around a contingency that "a defendant *files* an offer of judgment which is not accepted by the plaintiff within 30 days." Fla. Stat. § 768.79(1) (emphasis added). Given this discrepancy, many lawyers *file* a notice when they *serve* the settlement proposal. *See, e.g.*, *Berman v. Kafka*, No. 3:13-cv-1109-J-JBT, 2015 WL 12942214, at *2 n.1 (M.D. Fla. May 29, 2015). That procedure results in filing something to comply with § 768.79(1), while leaving the offer unfiled until later under § 768.79(3). Defendant didn't do that either, though.

With the conflicting statutory commands, some courts excuse the contemporaneous filing of an offer or notice. *See Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1357 (S.D. Fla. 2010); *Morris v. Ariz. Beverage Co.*, No. 03-60907 Civ., 2005 WL 5544961, at *9 (S.D. Fla. Feb. 9, 2005). This often makes substance-over-form sense. *See McCoy v. R.J. Reynolds Tobacco Co.*, 229 So. 3d 827, 828 (Fla. Dist. Ct. App. 2017) ("Where a party has actual notice of an offer of settlement, and the offering party has satisfied the requirements of section 768.79 on entitlement, to deny recovery because the initial offer was not e-mailed is to allow the procedural tail of the law to wag the substantive dog."). But I'm not totally sure that is the right statutory construction.

Section 768.79 says what it says. That detailed statutory scheme draws careful internal distinctions between when something must be filed or served. *Compare id.* § 768.79(1), *with id.* § 768.79(3), *and id.* § 768.79(5), *and id.* § 768.79(7)(a)-(b). Along with filing as a trigger for the 30-day clock on acceptance, a filing is required to affect formal acceptance. Fla. Stat. § 768.79(4) ("An offer

shall be accepted by filing a written acceptance with the court within 30 days after service."). And these statutory requirements are strictly applied. *E.g.*, *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 376 (Fla. 2013); *Massey Constr. Grp., Inc. v. Finch*, 424 So. 3d 539, 541 (Fla. Dist. Ct. App. 2025). So the statute seems clear that an offeror must file something around the time of service.

There may be good reason that the Florida Legislature demanded a filing requirement. These proposals are an important part of litigation with significant monetary consequences. So it isn't crazy to think that the Legislature made a conscious decision to require parties to file a formal notice that the acceptance clock has started. What's more, some notice of a pending offer filed on the docket at least makes the judge aware of a possible settlement in the next month. This could have real savings in judicial economy for some cases.

In short, it isn't a judge's job to rewrite a statute. *Marshall v. United States*, 414 U.S. 417, 427 (1974) (Federal "courts should be cautious not to rewrite legislation, even assuming, arguendo, that judges with more direct exposure to the problem might make wiser choices."). Parties, therefore, would be wise to file notice of serving a proposal for settlement in the context of § 768.79.

On the other hand, judges cannot serve as lawyers for the litigants and argue on their behalf. *Clark v. Sweeney*, 607 U.S. 7, 10 (2025) ("To put it plainly, courts call balls and strikes; they don't get a turn at bat." (cleaned up)); *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) (explaining principle of party presentation). In the same vein, parties who fail to present an issue forfeit that

matter. *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (A "forfeiture is the failure to make the timely assertion of a right." (citation omitted)); *GSA Network v. Morath*, 821 F. Supp. 3d 753, 776-77 (S.D. Tex. 2026).

Because any issue with nonfiling wasn't raised by a party (particularly Plaintiffs), the possible argument in that regard was forfeited. So the Court will not address that matter here; nor does it opine on what the correct answer might be. That said, the analysis turns to the merits.

**2. Offer Sufficiency**

To be enforceable, a proposal for settlement must do four things:

> (a) Be in writing and state that it is being made pursuant to this section.
>
> (b) Name the party making it and the party to whom it is being made.
>
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
>
> (d) State its total amount.

Fla. Stat. § 768.79(2)(a)-(d). If a defense offer does all these things and plaintiff ultimately receives at least twenty-five percent less than the offer, then defendant gets fees from the date the offer was served. *Id.* § 768.79(7)(a).

There is a discretionary defense to entitlement—i.e., lack of good faith. *Id.* § 768.79(8)(a). But the rejecting party must show that the offeror did not make the rejected offer in good faith. *E.g.*, *McMahan v. Toto* ("*Toto 2*"), 311 F.3d 1077, 1083 (11th Cir. 2002).

The answer here is easy. Defendant used clear terms in its Offer. (Doc. 85 at 4-7). That Offer included all information required by § 768.79(2). (Doc. 85 at 4-5). All indications suggest that Defendant served Plaintiffs—who rejected the Offer through silence. (Doc. 85 at 3, 7).

Again, Plaintiffs made no effort to show the Offer was made in bad faith. Nor do they contest service. So Plaintiffs forfeit those issues. They may even waive these matters intentionally since the Offer appears to be served in obvious good faith. (Doc. 85 at 5).

At bottom, the Offer complied with § 768.79. Defendant is entitled to an award of fees incurred after it served the Offer (i.e., May 27, 2025).[1]

## Conclusion

For those reasons, the Court grants the Motion on entitlement to fees. M.D. Fla. Local R. 7.01(a)-(b). Defendant must now proceed with the fee amount. *Id.* 7.01(c). As part of that procedure, the parties must confer in good faith and attempt to resolve the matter. *Id.* 7.01(b)(1)-(2). Before doing so, both sides must review

---

[1] Fees under the statute are sanctions by nature. Fla. Stat. § 768.79(9); *see also Se. Floating Docks, Inc. v. Auto-Owners Ins.*, 82 So. 3d 73, 79 (Fla. 2012) ("Section 768.79 was enacted to deter parties from rejecting presumably reasonable settlement offers by imposing sanctions through costs and attorney's fees."); *Pickett v. R.J. Reynolds Tobacco Co.*, 948 F. Supp. 2d 1314, 1321 (M.D. Fla. 2013). As a sanction for unreasonable litigation conduct—as opposed to prevailing party fee-shifting—these matters are within the province of a magistrate judge's authority. *See Andrews v. Wal-Mart Stores E., LP*, No. 2:25-cv-14-KCD-NPM, 2025 WL 2770875, at *1 (M.D. Fla. Sept. 26, 2025); *Domoracki v. QBE Specialty Ins.*, No. 2:25-cv-170-SPC-NPM, 2025 WL 2966004, at *1 (M.D. Fla. Oct. 21, 2025) (Mizell, J.); *see, e.g.*, *Caldwell v. Kimberly-Clark USA, LLC*, No. 24-00161-WS-B, 2025 WL 2525049, at *1 n.1 (S.D. Ala. Sept. 2, 2025) ("A motion for sanctions that seeks the award of fees and additional discovery is appropriate for ruling under 28 U.S.C. § 636(b)(1)(A)." (citation omitted)).

the Court's decision in *Ange's Auto Repair & Serv., Inc v. Century Sur. Co.*, No. 2:21-cv-655-SPC-NPM, 2024 WL 922640 (M.D. Fla. Feb. 13, 2024). After conferral, the Court expects the parties to resolve or (at least) substantially narrow any dispute over the amount of fees and nontaxable costs.

**ORDERED**:

1. Defendant's Renewed Motion for Entitlement to Attorney's Fees (Doc. 77) is **GRANTED**.

2. **By November 23, 2026**, Defendant must **either** file a (1) notice of resolution over the amount of fees and nontaxable costs **or** (2) supplemental motion on the amount of fees and nontaxable costs under Local Rule 7.01(c).

In Fort Myers, Florida, on October 7, 2026.

Kevin R. Huguelet
United States Magistrate Judge